MERCHANTS' & FARMERS' BANK OF MERIDIAN *et al. v.* POOL BROS.[*]

(Division B. Jan. 11, 1926.)

[106 So. 627. No. 25178.]

1. MORTGAGES. *Holder of deed of trust representing to prospective purchaser of timber on land that money derived from timber would pay both holder of deed of trust and buyer, held to waive superior lien in favor of buyer.*

Where a bank held a deed of trust upon certain land and timber growing thereon, with a provision for permission to cut the timber under named conditions, but, on application by a prospective vendee of the grantor in the deed of trust as to making a contract with the grantor to cut and saw the timber, the bank represents that there will be enough money derived from the lumber cut and sawed therefrom to pay both the bank and such other person, it waives its superior lien in favor of such person cutting and sawing the lumber, where such person acquires a lien seasonably to protect his rights.

2. MORTGAGES. *Grantor in deed of trust covering land may not con-*
*tract with person having notice thereof so as to impair or de-*
*stroy security of holder of deed of trust without its consent; per-*
*son dealing with grantor in deed of trust after its execution*
*takes subject to it unless lien is waived.*

In case a bank holds a deed of trust upon land and timber, it is not
within the power of the grantor of the deed of trust thereafter to
make a contract with a person having notice of such lien that
will have the effect of impairing or destroying the security of
the bank without its consent. A person dealing with the grantor
in such deed of trust after its execution takes subject to it unless
the lien is waived.

*Corpus Juris—Cyc. References; Mortgages 27 Cyc., pp. 1198, n. 95;
1218, n. 23; 1219, n. 29 New.

APPEAL from circuit court of Lauderdale county.

HON. R. M. BOURDEAUX, Judge.

Suit by the Merchants' & Farmers' Bank of Meridian
and others against Pool Bros. to foreclose a deed of trust.
From the judgment, plaintiffs appeal. Affirmed.

*Reily & Parker* and *Currie & Amis,* for appellant.

The position taken by the appellee in this case is that
the judgment rendered in the case of *Pool Brothers* v. *Al-
ford,* is conclusive as against the Merchants' & Farmers'
Bank as to the facts recited therein, and that a legal stat-
utory lien superior to all other liens was established by
this judgment, whether the facts justified such judgment
or not, and that the facts in support of such judgment
could not operate to change this lien if erroneous, and
that the lien fixed by law when it properly attaches in
this kind of case is superior to a prior mortgage or
deed of trust on the same property. This claim is based
exclusively upon *Tallahatchie Lumber Co.* v. *Thatch,*
78 So. 154, 117 Miss. 260. We deny that this case so
announces the law, and if it does, it should be overruled.

We take the position that the relative rights of the
non-litigating citizens are fixed by facts, and not by
judgment wherein they are not parties. We concede that
Pool Brothers and L. J. Alford could by contract or

judgment fix their status and relative rights which would be conclusive to all other persons, provided the fixing of such status did not deprive other parties of their legal rights. But when Pool Brothers establishes a lien on the property of Alford, such lien only attaches and has any effect in law on the interest in such property that Alford owns, and does not attach to the interest in such property owned by others not made a party to the suit. If Alford should be the owner of the entire property involved, the lien fixed thereon would be exclusive and conclusive as to all parties. And this is all that was held in the Tallahatchie Lumber case.

When the proper parties are before a court, there is no reason or basis of right to require that one of such parties be bound by the recitations in a judgment in a cause wherein he was not a party. *Ott* v. *Smith,* 69 Miss. 773; *Aron* v. *Chaffe,* 17 So. 11; 23 Cyc. 1255. And the rule as applied to the holders of mortgages is found in 23 Cyc. 1260.

In *A. H. Averill Machinery Co.* v. *Allbritton,* 97 Pac. 1082, there was a judgment in favor of the plaintiff asserting a mechanic's lien on certain property which was under a mortgage, and the mortgagee was not a party to this suit, and a contest developed between the rights of the mortgage holder and the judgment holder, and the facts in the case showed the judgment lien to be inferior to the mortgage, and in connection therewith the court said:

"His lien was therefore junior to respondent's mortgage, and respondent not being a party to the lien foreclosure, was not bound thereby or by the sale made thereunder." See also 182 N. W. 372 and 34 C. J., page 984. This feature of due process of law is stated in *Wilber* v. *Reed,* 122 N. W. 53; *Meacham* v. *Bear Valley Irr. Co.,* 68 L. R. A. 600; *Laskowski* v. *People's Ice Co.,* 2 A. L. R. 586; *Pyle* v. *Gentry,* 90 So. 485.

This is not a case wherein we are undertaking to attack the judgment collaterally or otherwise; but we are will-

ing for the judgment to remain and be in all respects as it appears in this case as between the parties to that suit. But the property and rights of the claimant are not concluded by this judgment, and the claimant has a right to show by the proof, notwithstanding the judgment, the relative rights of the parties to the property in question.

The lien claimed by the appellees on this lumber and asserted in this case is the lien provided for under section 2415, Hemingway's Code. And this lien is created for and extends to "every employee or laborer" of a person or company engaged in operating a sawmill, etc., "for his wages due by such employer." The language is sufficiently clear and unambiguous to require no uncertainty in its meaning as applied to this case. Our court has passed upon the meaning of the words "laborer" and "wages" as used in section 1812, Hemingway's Code in *Heard* v. *Crum*, 18 So. 934, wherein it was held that where a party agreed to build a house for a given price, such party doing a portion of the work and hiring others to help in the work, was not a "laborer" and the amount due him was not "wages." The cases cited with approval in the above case are so nearly identical on the facts as to be conclusive in the case at bar.

There seem to be no cases cited where a contractor, as the appellees are, has been held to be an employee or laborer, or that the amount due under the contract is "wages," either under the exemption laws or labor lien laws. Some of the cases passing on the questions are the following: *Malcomson* v. *Wappoo Mills*, 85 Fed. 912; *King* v. *Kelly*, 25 Minn. 522; *Littlefield* v. *Morrill*, 94 Am. St. Rep. 513; *Balch* v. *N. Y. & O. M. R. R. Co.*, 46 N. Y. 521; *Jackson* v. *Downs*, 149 S. W. 286. The appellees in this case not being "employees or laborers" and having nothing due them for "wages" have no lien on the lumber in question under the lien statute.

With regard to the relative rights or the positions or priority between the parties, if the appellees have their

statutory lien, they both have a lien against the lumber; one an encumbrancer for a valuable consideration, and the other a holder of the lien provided for by statute.

The appellant in this case comes fully within all the terms of priority fixed by the statute, unless it may be said that such priority has been waived. As we see the situation, the deed of trust in its inception was legal and binding and fully enforceable and covered all the property involved in this cause; and unless there is some legal reason therefor, would be prior to any and all liens subsequent in time. See *Fitch* v. *Applegate,* 64 Pac. 147; *Allen* v. *Clayton,* 93 S. W. 658; *Hollis & Ray* v. *Isabell,* 124 Miss. 799, 20 A. L. R. 244; *Broom* v. *Dale,* 67 So. 659.

The rule with regard to implied agreements is stated in 13 C. J., page 243. And what it takes to be an implied contract is stated in 13 C. J., page 241.

From the testimony in this record it is conclusively shown that the appellees have had no implied agreement with the appellant created by implication out of the terms of the deed of trust between the bank and Alford. They preferred to rely upon nothing except a direct understanding with the bank, and after obtaining a conference with the official of the bank, they acted on the information thus obtained and nothing else. They either had an express agreement or an implied agreement directly with the bank, and it is this agreement that must fix the rights of these parties.

The appellees knew about the deed of trust and they desired to know from the bank how they would stand with regard to collecting under their contract. If the bank would agree to permit them to be first, then so far as their claim would be concerned there would be no deed of trust; it would have been eliminated by waiver. There is no suggestions from the testimony of any witness that the bank stated or suggested that its rights would be subordinated. It is only contended that the official of the bank expressed the opinion that there would be enough money to pay them both.

The burden of proof of establishing a waiver is on the appellee, and the record conclusively shows that what was done and said between the appellees and Mr. Crowe is the basis of their priority and not any other contract or agreement. And the burden is, therefore, on the appellees to show that what was said and done between the bank and the appellees constitutes a waiver by express agreement or an implied agreement. The proof in this record wholly fails to establish such; but on the contrary, shows that there was no waiver.

*Williamson & Gipson,* for appellees.

The fact that it was reasonably necessary to manufacture the lumber in question out of the timber on which claimant held a deed of trust in order to carry out the terms of the deed of trust, and that plaintiffs in execution contracted with Alford to manufacture said timber into lumber and did manufacture same into lumber without receiving pay for their services as per their contract, are facts that were well known at the time by the Merchants and Farmers Bank. It not only knew about said contract, but it gave its consent to it all and assured the boys that they would get their money. Therefore, *Hollis & Ray* v. *Isbell,* 124 Miss. 799, 20 A. L. R. 244 and *Broom* v. *Dale,* 67 So. 659, cited by appellant are in truth and in fact very strong authorities supporting the theory of appellees. See also *Morehead Motor Co.* v. *H. D. Walker Auto Co.,* 97 So. 486; 3 R. C. L., section 56. The timber out of which the lumber was manufactured was left in possession of the mortgagor, Alford, for the specific purpose of having the same manufactured into lumber and it was not only reasonably necessary, but it was absolutely necessary for said timber to be manufactured into lumber; it was required to be done by the deed of trust, and it was done by Pool Brothers under their contract with the mortgagor and with the knowledge and consent of the mortgagee, claimant.

The language of the trial judge's opinion expresses our theory of the case: "I am unable to distinguish, in principle, the case at bar from *Ott* v. *Smith Bros.*, 68 Miss. 773, holding that the judgment in favor of the plaintiff is not *prima-facie* evidence of the facts on which it rests.

"The court, however, in the case of *Tallahatchie Lumber Co.* v. *Thatch*, 78 So. 154, 117 Miss. 260, where a claimant's issue was filed in a case involving a laborer's lien used this language, without citing the Ott case:

" 'The judgment of appellee against Cox and Mitchell was conclusive as to the indebtedness claimed and the *character* of that debt. This judgment was conclusive against Cox and Mitchell upon the right of appellee to enforce a lien upon the lumber; and, to defeat the *prima-facie* showing, the burden of proof was upon appellant (the claimant) to show a prior title or superior lien.'

"This being the last announcement of our supreme court it is the duty of this court to follow it.

"It must, therefore, be held that the judgment is conclusive and that plaintiffs had a lien on the lumber under the statute and that claimant cannot raise the issue that they were not laborers in this case."

Argued orally by *J. H. Currie,* for appellant, and *Nate Williamson,* for appellee.

Ethridge, J., delivered the opinion of the court.

Pool Bros., the appellees, contracted with one Alford to operate a sawmill in the manufacture and handling of lumber at a fixed price per thousand feet. Under the terms of this contract the mill was operated for some months. The laborers and employees about the mill were employed by Pool Bros. Pool Bros. also assisted in the operation of the mill. At the time of the contract between Pool Bros. and Alford, there was a deed of trust in favor of the appellant bank upon the land and timber embraced in the contract between Pool Bros. and

Alford, in which deed of trust it was provided that the
timber might be cut and manufactured into lumber by Al-
ford upon payment of ten dollars per thousand feet to
the bank. Pool Bros. operated the mill for some months
and then instituted a suit against Alford to establish a
laborer's lien upon the lumber involved in the suit under
the provisions of chapter 131, Laws of 1908, and secured
a judgment for one thousand eight hundred sixty dollars
and levied upon the lumber manufactured for Alford
under the said judgment. The bank thereupon foreclosed
its deed of trust and bought the lumber under said sale,
and before the execution sale was made, tendered its
claimant's bond, and the cause came on for trial on the
claimant's issue so made. On the trial the members of the
firm of Pool Bros. each testified that when they were
entering into negotiations for the trade with Alford they
discussed with the cashier of the bank the situation with
reference to the safety in making their money under the
contract if the contract was made, and they each testi-
fied that the cashier said to go ahead and there would be
enough to pay both of them. R. P. Pool, the father of the
appellees, also testified substantially to the same effect.
The cashier of the bank did not testify with reference
to these conversations. The bank proved its debt and the
proper foreclosure of the deed of trust and its purchase
thereunder. Pool Bros. introduced the contract between
them and Alford and their judgment against Alford and
the above-mentioned conversations with the cashier of
the bank. Each side requested a directed verdict on the
issues made. The court below directed a verdict in favor
of the plaintiffs, Pool Bros. The lumber seized under
the execution was of greater value than the amount of
the judgment rendered against Alford, and judgment was
rendered against the bank on its claimant's bond for the
amount of the judgment against Alford and costs.

The court below seemed to proceed upon the theory that
the judgment in favor of Pool Bros. against Alford es-
tablishing a lien upon the lumber under the statute above

referred to was conclusive under the case of *Tallahatchie Lumber Co.* v. *Thatch,* 117 Miss. 260, 78 So. 154. Both the application of this decision to the present case and the soundness of the decision, if it be held applicable, are vigorously argued.

We think there is a distinction between the present case and the case of *Tallahatchie Lumber Co.* v. *Thatch, supra,* and that the principles therein announced are not controlling here, but that this case falls under the pronouncement of *Ott* v. *Smith,* 68 Miss. 773, 10 So. 70, in so far as the bank's right to contest the validity of the plaintiffs' claim against the lumber seized is concerned. Nevertheless, the judgment must be affirmed because it is not disputed by the bank that its cashier stated to Pool Bros. and to their father for them to go ahead and make the trade; that there would be enough money to pay all of them. By this statement the bank subordinated its deed of trust to the claim of Pool Bros. under their contract. The bank, of course, had a right under its deed of trust to refuse to waive anything, and it would be beyond the power of Alford after executing the deed of trust to make any contract without the consent of the bank which would impair its security. The bank had a right to hold its security unimpaired, and it had a right to permit the lumber to be manufactured under such conditions as it thought proper to make; and persons dealing with Alford, having notice, either actual or constructive, of the bank's deed of trust, would be bound by its terms and act at their peril. But on the record before us the bank waived its superior right and agreed that Pool Bros. might manufacture their lumber under their contract upon the representation by the cashier of the bank that there would be plenty of money from the proceeds of the lumber manufactured to pay both claims, and the plaintiffs, having acted upon this understanding, have the right to recover the amount of their claim.

We therefore think the judgment should be affirmed.

*Affirmed.*