NORRIS *v.* NORRIS.

(Division B. May 19, 1930.)

[128 So. 342. No. 28475.]

Martin Miller, of Meridian, for appellant.

L. J. Broadway, of Quitman, for appellee.

Argued orally by Martin Miller, for appellant.

Griffith, J., delivered the opinion of the court.

There had been at a previous term a final decree awarding permanent alimony, payable in installments of twenty-five dollars per month. Afterwards appellee, alleging that there had been such a change in the circumstances as to require it, petitioned for a reduction. Appellant answered the petition, objected that appellee was in arrears, and moved the court for an order adjudging appellee in contempt. A hearing was had, and a decree entered.

The decree, after recitals including the finding that appellee was in arrears in the sum of one hundred dollars, thereupon proceeds in the mandatory part of the decree as follows: "And the court decrees that this amount be paid to the defendant herein at the rate of ten dollars, fifteen or twenty dollars per month, payable at such times as is possible for complainant so to do until

said sum of one hundred dollars be paid, and that the complainant pay the sum of ten or fifteen or twenty dollars if possible for complainant so to do and that complainant pay the said sum each month thereafter until the further order of this court.''

''A decree in chancery must be characterized by a reasonable certainty in its terms, and this is particularly true in respect to those provisions which fix the rights and liabilities of the respective parties to the cause.'' Rayl v. Thurman (Miss.), 125 So. 912, 913. The quoted decree is not only uncertain in amount and in time of performance, but the event of performance is left at the ultimate option of one of the parties. Indeed, as referred to the record, we cannot tell whether it was intended to be a final or only an interlocutory decree. It is so uncertain, indefinite, and wanting in force as to be void. The so-called decree is therefore vacated and held for naught, as if it had never been entered. See 12 C. J., pp. 658-660; Griffith Miss. Chan. Prac., sections 625, 626.

Reversed and remanded.