# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-00767-SCT

*LOBLOLLY PROPERTIES LLC*

*v.*

*LE PAPILLON HOMEOWNER'S ASSOCIATION
INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/24/2021 |
| TRIAL JUDGE: | HON. SHEILA HAVARD SMALLWOOD |
| TRIAL COURT ATTORNEYS: | CAREY R. VARNADO |
| | JOSEPH MICHAEL GIANOLA, JR. |
| | KELLY LEE STRIBLING |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH MICHAEL GIANOLA, JR. |
| ATTORNEYS FOR APPELLEE: | CAREY R. VARNADO |
| | MATTHEW WILLIAM LAWRENCE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 08/17/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     Le Papillon Homeowner's Association Inc. sought to collect homeowners' association

fees from Loblolly Properties LLC for the nine lots it owned in the Le Papillon development.

Loblolly argued that it did not have to pay HOA fees because a nonjudicial foreclosure sale

extinguished all restrictive covenants on the subject lots.  The trial court disagreed, finding

that the covenants were on record when Loblolly purchased the subject lots in the Le Papillon

property.  The trial court also held that Loblolly's Special Warranty Deed's language clearly

stated that the "conveyance and the warranty hereof is subject to any and all Covenants and Restrictions of record." The trial court later granted summary judgment for Le Papillon. Loblolly appealed, raising two issues: (1) whether the foreclosure sale made the covenants and restrictions not binding, despite the language of the Special Warranty Deed; and (2) whether the foreclosure extinguished the covenants and restrictions.

¶2.     The Court of Appeals affirmed the judgment of the trial court, holding that Loblolly was bound to the covenants through the language in the Special Warranty Deed and that the foreclosure did not extinguish the covenants and restrictions. *Loblolly Props. LLC v. Le Papillon Homeowner's Ass'n Inc.*, No. 2021-CA-00767-COA, 2022 WL 4478395, at *12 (Miss. Ct. App. Sept. 27, 2022). We granted Loblolly's petition for writ of certiorari. Upon a review of the record and law in this state, we affirm the judgments of the Lamar County Chancery Court and the Court of Appeals. We write, however, to address whether a foreclosure sale extinguishes covenants that were filed after a deed of trust.

## FACTS

¶3.     On February 28, 2008, Chattel Group, the original owner of the subject lots, executed a Deed of Trust to First State Bank. On December 19, 2008, Chattel Group filed a Declaration of Covenants, Conditions and Restrictions (Declaration) that governed the Le Papillon development. The Declaration stated that the nonpayment of HOA fees would result in a continuing lien on the property.

¶4.     After executing the Deed of Trust and Declaration, Chattel Group defaulted on the terms of the Deed of Trust. Because of the default, on February 6, 2009, the Deed of Trust's

2

trustee conducted a nonjudicial foreclosure on several lots in the Le Papillon development, and the trustee conveyed the subject lots to First State Bank.

¶5. In 2013, First State Bank sued Le Papillon regarding the applicability of the covenants on First State Bank's lots. A settlement was reached, but it was not part of the record for the present case. In the agreed final judgment, however, the chancery court held that the Declaration was "valid and enforceable in each and every respect, on the real property and its improvements." After reaching this settlement and in compliance with the court order, First State Bank started paying the HOA fees on its lots.

¶6. Loblolly purchased the subject lots from First State Bank on January 31, 2018, through a Special Warranty Deed. The Special Warranty Deed said that this conveyance was "subject to any and all Covenants and Restrictions of record." In January 2019, Loblolly sent Le Papillon a check for $2,500 to pay the HOA dues on the subject lots. Le Papillon returned the check because it did not cover the total amount of HOA dues owed. Loblolly's attorney responded to Le Papillon, stating that he thought the covenants were extinguished when the foreclosure occurred. Therefore, Loblolly did not have an obligation to adhere to the covenants or pay any dues.

¶7. On July 19, 2019, Le Papillon filed a Notice of Lien for Loblolly's unpaid HOA dues. On December 31, 2019, Loblolly filed a complaint against Le Papillon. Loblolly sought a declaratory judgment to set aside the Notice of Lien and declare that the subject lots were not bound by the covenants and restrictions. Loblolly also requested damages for slander of title.

3

On July 15, 2020, Loblolly moved for partial summary judgment. In its motion, Loblolly asked the court to order the covenants extinguished by the nonjudicial foreclosure.

¶8. On January 25, 2021, the chancery court denied Loblolly's motion for summary judgment. The court held that even though the covenants may have been extinguished by the foreclosure, the covenants applied nonetheless to the subject lots through the Special Warranty Deed. Further, the court explained, since the covenants were "on record" when the Special Warranty Deed was filed, the covenants applied to the subject lots.

¶9. On April 19, 2021, Le Papillon filed a motion for summary judgment. It argued that Loblolly's lots were subject to the covenants and restrictions. On June 24, 2021, the chancery court granted Le Papillon's motion for summary judgment "for reasons stated in the Court's prior Order . . . entered on January 25, 2021."

¶10. On July 8, 2021, Loblolly appealed the chancery court's decision. The Mississippi Court of Appeals reviewed the following issues raised by Loblolly: "whether the covenants and restrictions were no longer 'of record' after the foreclosure and not binding, despite the language of the special warranty deed and whether First State [Bank's] foreclosure on the lots extinguished covenants and restrictions." ***Loblolly Props.***, 2022 WL 4478395, at *3.

> **a. Whether the covenants and restrictions were no longer "of record" after the foreclosure and not binding, despite the language of the Special Warranty Deed.**

¶11. The Court of Appeals majority held the covenants applied to the subject lots because (1) "First State agreed in post-foreclosure litigation that the covenants applied" and (2)

4

"Loblolly accepted the property by a special warranty deed that specifically stated the property was bound by any covenants on record." *Id.* at *4.

¶12. The Court of Appeals found that because First State Bank "agreed after the foreclosure that these covenants, which ran with the land, applied to its property, First State's assignees [in this case, Loblolly] were also bound." *Id.* The Court of Appeals also stated that the language of the Special Warranty Deed "specifically stated that the lots were taken subject to the restrictions on record." *Id.* The majority explained both the Special Warranty Deed's language and the chancery clerk's records put Loblolly on notice of these covenants. *Id.*

¶13. The dissent disagreed with the majority's conclusion that the language in the Special Warranty Deed provided notice to Loblolly. *Id.* at *13 (Wilson, P.J., dissenting). The dissent would have held that foreclosure extinguished the covenants and restrictions on the subject plots. *Id.* at *18. Additionally, the dissent would have found that the settlement between First State Bank and Le Papillon did not provide sufficient notice to Loblolly of the covenants. *Id.* at *18.

**b. Whether foreclosure extinguished the covenants and restrictions.**

¶14. The majority's holding on Loblolly's first issue resolved the appeal. *Id.* at *7. The majority, however, felt "compelled" to address Loblolly's second issue on appeal as the dissent based its conclusions on the foreclosure extinguishing the covenants. *Id.* The majority stated that "there is no reported Mississippi case determining whether a later-

5

recorded covenant that ran with the land is extinguished by a foreclosure involving a prior deed of trust." *Id.*

¶15.   The majority considered "whether the lots pledged were encumbered by the declaration of restrictive covenants that was filed after the deed of trust was executed." *Id.* at *7 (footnote omitted). The majority relied on *Merchants' & Farmers' Bank v. Pool Brothers*, in which the Court held that "the holder of a security must agree to any contract that may devalue the collateral given." *Loblolly Props.*, 2022 WL 4478395, at *7  (citing *Merchs.' & Farmers' Bank v. Pool Brothers*, 140 Miss. 799, 106 So. 627, 629 (1926)).  The majority found that Loblolly failed to produce any evidence that the covenants Chattel imposed on the subject lots after the Deed of Trust impaired the property. *Id.* at *8.  In fact, the majority explained, the covenants were created to benefit property owners, and Chattel "retained the authority to own and manage the property" in the Deed of Trust. *Id.*  Further, the covenants ran with the land because their "purpose and effect" "touch and concern" the land. *Id.* at *8 (internal quotation marks omitted) (quoting *Vulcan Materials Co. v. Miller*, 691 So. 2d 908, 914 (Miss. 1997)).  Additionally, the majority found, "the declarations Chattel filed specifically stated that the covenants were intended to run with the land." *Id.* at *9.

¶16.   Once concluding the covenants ran with the land, the majority next had to determine whether the foreclosure extinguished those covenants. *Id.* at *9.  The majority applied the principle that covenants are "extinguished if they limit or devalue the property," which has applied in similar tax sales cases. *Id.*  The Court of Appeals explained that in *Alexander v.*

6

*Wardlow*, it determined that a tax sale did not extinguish covenants that included a subdivision maintenance association and associated assignments. *Loblolly Props.*, 2022 WL 4478395, at *9 (citing *Alexander v. Wardlow*, 910 So. 2d 1141 (Miss. Ct. App. 2005)). Instead, the covenants in *Alexander* continued to be applied because they increased the purchaser's land value. *Id.* (quoting *Alexander*, 910 So. 2d at 1146). The majority also relied on *Diamondhead Country Club & Property Owners Association v. Peoples Bank*, in which this Court held that obligations, like HOA dues, are affirmative covenants. *Loblolly Props.*, 2022 WL 4478395, at *10 (citing *Diamondhead Country Club & Prop. Owners Ass'n v. Peoples Bank*, 296 So. 3d 651, 653-57 (Miss. 2020)).

¶17.    The dissent argued that lien priority and servitude principles should lead the court to hold that the foreclosure extinguished the covenants on the subject plots. *Id.* at *14. The dissent relied on the Restatement (Third) of Property, which states, "[w]hether a purchaser at a foreclosure sale takes subject to the burdens of covenants depends on the priority of the lien foreclosed. *If the lien is prior to the covenant, the covenant will be foreclosed along with other junior interests*." *Id.* (alteration in original) (internal quotation marks omitted) (quoting Restatement (Third) of Property § 5.2 cmt. i). The dissent also cited cases from other state courts that hold foreclosures extinguish covenants filed after a deed of trust. *Id.* at *15. The dissent ultimately concluded that "[b]ecause First State Bank's Deed of Trust was recorded prior to the Covenants, the Deed of Trust had priority over the Covenants, and the foreclosure sale extinguished the covenants." *Id.* at *17.

**DISCUSSION**

¶18. We review a trial court's grant of summary judgment de novo. *Builders & Contractors Ass'n of Miss. v. Laser Line Constr. Co.*, 220 So. 3d 964, 956 (Miss. 2017) (quoting *U.S. Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 962 (Miss. 2008)). We agree with the Court of Appeals majority and its ultimate holding. We write, however, to clarify whether a foreclosure sale extinguishes HOA covenants that were filed after a deed of trust. *Loblolly Props.*, 2022 WL 4478395, at *7.

¶19. It is well established that a buyer takes land subject to covenants and restrictions. *Perry v. Bridgetown Cmty. Ass'n, Inc.*, 486 So. 2d 1230, 1232-33 (Miss. 1986) (citing *William W. Bond, Jr. & Assocs., Inc. v. Lake O'The Hills Maint. Ass'n*, 381 So. 2d 1043 (Miss. 1980)). The Court of Appeals majority properly relied on *Buck v. Paine* when explaining the notice principle that applied to Loblolly and the covenants at issue. *Loblolly Props.*, 2022 WL 4478395, at *5 (citing *Buck v. Paine*, 50 Miss. 648 (1874)). The *Buck* Court stated that "whatever will put a party upon inquiry, which if pursued with ordinary diligence and understanding, would lead to knowledge of the requisite fact, is notice of it." 50 Miss. at 655 (citing *McLeod v. First Nat'l Bank*, 42 Miss. 99, 112 (1868)). A subsequent purchaser or creditor dealing with a piece of property who has "notice of a prior claim or equity, or of facts, which, if followed up, will discover the truth, are put under a duty to make the investigation." *Id.* (citing *Parker v. Foy*, 43 Miss. 260 (1870)). A failure to investigate does not exempt a party from a restriction or covenant; rather, the party is still charged with the knowledge that the inquiry would have revealed. *Id.* The Court of Appeals also properly relied on *Bedford v. Kravis* to conclude that Loblolly needed to look beyond its own chain

8

of title when making the required inquiries.[1]  *Loblolly Props.*, 2022 WL 4478395, at \*5 (citing *Bedford*, 622 So. 2d at 295).

¶20.    This Court's case law on HOA covenants is also instructive.  This Court explained that HOA's have "unique characteristics." *Perry*, 486 So. 2d at 1233.  The first characteristic is mandatory membership, and the other is "the power of the association to control the use and enjoyment of property." *Id.* "Upon taking title to a lot the property owner automatically becomes a member of the association and is subject to the obligations of membership and enforcement of the covenants." *Id.* (citing Wayne S. Hyatt, *Condominium and Homeowners Association Practice: Community Association Law* 35 (1981)).  This Court continued, explaining, "[a] landowner who wilfully purchases property subject to control of the association and derives benefits from membership in the association implies his consent to be charged assessments and dues common to all other members." *Id.* at 1234.

---

[1] The *Bedford* Court explained:

> "A purchaser of land is charged with notice not only of every statement of fact made in the various conveyances constituting his chain of title, but he is also bound to take notice of and to fully explore and investigate all facts to which his attention may be directed by recitals in said conveyance contained.  The duty is also imposed on him to examine all deeds and conveyances previously executed and placed of record by his grantor—either immediate or remote—if such deeds or conveyances in any way affect his title.  And if any such deed or conveyance there is contained any recital sufficient to put a reasonably prudent man on inquiry as to the sufficiency of the title, then he is charged with notice of all facts which could and would be disclosed by a diligent and careful investigation."

*Bedford v. Kravis*, 622 So. 2d 291, 295 (Miss. 1993) (emphasis omitted) (citation omitted).

¶21.    Additionally, this Court has held that HOA covenants run with the land. *Griffin v. Tall Timbers Dev., Inc.*, 681 So. 2d 546, 550 (Miss. 1996) (stating that "covenants for payment of annual assessments for operation of property owners associations are covenants running with the land" (citing *William W. Bond, Jr. & Assocs.*, 381 So. 2d at 1045) and can be "enforced by subsequent assignees or successors in title to the original parties" (citing *White v. Miss. Power & Light*, 196 So. 2d 343 (Miss. 1967)); *Diamondhead Country Club*, 296 So. 3d at 655 n.1 (stating that payment obligations like HOA dues are considered affirmative covenants that run with the land). "Under Mississippi law, if a covenant is a real covenant, it is said to run with the land." *Diamondhead Country Club*, 296 So. 3d at 655-56 (citing *Barton v. Fred Netterville Lumber Co.*, 317 F. Supp. 2d 700, 704 (S.D. Miss. 2004)).

¶22.    The HOA dues in the present case ran with the land, and the foreclosure sale did not extinguish Loblolly's duty to adhere to those covenants. Loblolly had sufficient notice of the covenants. They were recorded before Loblolly purchased the property. Both the language of the Special Warranty Deed and the chain of title available for investigation at the chancery clerk's office put Loblolly on notice. *See Buck*, 50 Miss. at 655. Loblolly also attempted to pay the HOA fees in January 2019, which suggests Loblolly's knowledge of the covenants. *See Loblolly Props.*, 2022 WL 4478395, at *6.

¶23.    Loblolly "wilfully purchase[d]" the lots with notice that they were "subject to control" of the HOA and its covenants. *Perry*, 486 So. 2d at 1234. "[T]he covenants . . . created benefitted all the property owners by creating HOA, which would maintain the public areas of the development for the benefit of the entire community." *Loblolly Props.*, 2022 WL

10

4478395, at *12.  Loblolly was one of these property owners who benefitted from the covenants, which "implies [Loblolly's] consent to be charged assessments and dues common to all other members."  *Perry*, 486 So. 2d at 1234.

¶24.  Based on the case law and the record before this Court, we affirm the Court of Appeals' decision; it is consistent with the state's case law concerning notice and the purpose of HOAs and their covenants.  We also find that the foreclosure sale did not extinguish Le Papillon HOA's covenants.

## CONCLUSION

¶25.  We affirm the judgments of the Lamar County Chancery Court and the Mississippi Court of Appeals.

¶26.  **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.  COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J.**

**COLEMAN, JUSTICE, DISSENTING:**

¶27.  In the Court of Appeals dissent, Presiding Judge Wilson opened, "This appeal should be decided based on a straightforward application of the rule that a deed of trust has priority over later-recorded encumbrances."  *Loblolly Properties LLC v. Le Papillon Homeowner's Ass'n Inc.*, 2021-CA-00767-COA, 2022 WL 4478395, at *13 (¶ 46) (Miss. Ct. App. Sept. 27, 2022) (Wilson, P.J., dissenting).  I agree and, accordingly, dissent.

¶28.  Pursuant to the  Restatement (Third) of Property: Servitudes, "[a] servitude is not extinguished by foreclosure of a lien against the estate burdened by the servitude *unless the*

11

*lien has priority over the servitude.*"  ***Loblolly Props.***, 2022 WL 4478395, at \*14 (¶ 55)

(internal quotation marks omitted) (quoting Restatement (Third) of Property: Servitudes §

7.9 (2000) (alteration in original)).  A comment to the rule, also quoted by Presiding Judge

Wilson, explains as follows:

> [w]hether a lien-foreclosure sale extinguishes a servitude is normally determined by the priority of the interests, which, with a few exceptions, is established by priority in time of creation and the applicable recording act. . . . Foreclosure of a lien that has priority in time or recording extinguishes the burden of the servitude and the purchaser at the foreclosure sale takes free of the servitude. This [is] the general rule applicable to foreclosure of mortgages, deeds of trust, and other liens that follow normal priority rules.

*Id.* (alterations in the original) (emphasis omitted) (quoting § 7.9 cmt. a).

¶29.    As applied to the instant case, "First State Bank held title to the lots at issue 'free and

clear of junior liens or interest as though [it] held a deed absolute filed for record the day the

deed of trust was recorded.'"  ***Loblolly Props.***, 2022 WL 4478395 at \*16 (¶ 60) (quoting

***People's Bank & Tr. Co. v. L & T Devs. Inc.***, 434 So. 2d 699, 708 (Miss. 1983)).

Accordingly, First State Bank held title to the lots at issue, free and clear of junior liens or

interests, at the time of foreclosure.  ***People's Bank & Tr. Co.***, 434 So. 2d at 708 (holding

that title to foreclosed lots were "free and clear of junior liens or interest").  Thus, "[b]ecause

the Covenants were recorded after the Deed of Trust, the Deed of Trust had priority, and the

foreclosure effectively extinguished the Covenants."  ***Loblolly Props.***, 2022 WL 4475395,

at \*16 (¶ 60) (citing ***People's Bank & Tr. Co.***, 434 So. 2d at 708).

¶30.    I dissent from the majority because, as Presiding Judge Wilson wrote,

> [T]he fact that the Covenants "run with the land" does not address the question whether they were extinguished by the foreclosure pursuant to the previously

12

recorded Deed of Trust. "Covenants which run with the land may be enforced by subsequent assignees or successors in title to the original parties." ***Griffin v. Tall Timbers Dev. Inc.***, 681 So. 2d 546, 550 (Miss. 1996). But this does not mean that such covenants are afforded priority over previously recorded encumbrances. Because First State Bank's Deed of Trust was recorded prior to the Covenants, the Deed of Trust had priority over the Covenants, and the foreclosure sale extinguished the Covenants. The fact that the Covenants "run with the land" does not suspend normal priority rules.

***Loblolly Props.***, 2022 WL 4478395, at *17 (¶ 63).

¶31. Further, I agree with Presiding Judge Wilson that the 2018 Special Warranty Deed revived the covenants. To paraphrase and summarize Presiding Judge Wilson's argument, the Special Warranty Deed could not revive in 2018 covenants that did not exist when the original Deed of Trust was entered. ***Loblolly Props.***, 2022 WL 4478395 at *18 (¶ 68).

¶32. Finally, Presiding Judge Wilson correctly concluded that the 2014 agreed judgment did not provide a sufficient basis for summary judgment in favor of the homeowner's association. ***Loblolly Props.***, 2022 WL 4478395, at *18-19 (¶¶ 69-73). In short, any notice, constructive or otherwise, of the covenant does not overcome the fact that the 2009 foreclosure subsumed it. As Presiding Judge Wilson points out, any argument that a settlement agreement resolves the issue must fail in light of the fact that the settlement agreement is not part of the record. ***Loblolly Props.***, 2022 WL 4478395, at *18 (¶ 72).

¶33. Pursuant to the foregoing reasons, I, with respect, dissent.

**GRIFFIS, J., JOINS THIS OPINION.**