Mills, et al. *v.* Barrett.

Jan. 21, 1952.

No. 38099 (56 So. (2d) 485)

Snow & Covington, for appellants.

Hardy Lott, for appellee.

**Arrington, J.**

This is a companion case to the case of Mills v. Estate of Jones, 56 So. (2d) 488. The facts there stated are applicable to the instant case. The appellee, Barrett, as a

result of serious injuries received in an automobile accident on March 31, 1950, filed claim for compensation against the appellants. The attorney-referee denied compensation, but upon review, the full commission reversed his decision and awarded compensation. The appellant Mills and the insurance carrier appealed to the circuit court of Webster County, where the judgment of the commission was affirmed.

The commission found that under the facts in the case, Barrett was either a servant of Mills in respect to hauling the doors at the time of the accident, or that he was an employee of Jones, a subcontractor, and that in either event, the appellants would be liable. In determining the liability of appellants, it will not be necessary for us to decide whether or not Barrett was an employee of Mills as it is clear from all the facts in this case and admitted that Barrett was an employee of Jones, the subcontractor of Mills who was the employer or original contractor as to the special construction work, repairing and painting certain stations owned by the Standard Oil Company.

The appellants argue that even though Barrett was an employee of Victor L. Jones, they would not be liable under Section 4, paragraph 3, Chapter 354, Laws of 1948, of the Workmen's Compensation Law, which provides: "In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment."

Counsel for appellants contend that Jones was not an employer subject to the provisions of the act for the reason that he did not employ as many as eight persons. In this case, Jones was not the original contractor or employer, but a subcontractor of Mills within the meaning of the act. Section 3 of the act sets out what shall constitute employers, which provides, in part, as follows:

"Every person, firm and private corporation, including any public service corporation, but excluding, however,

all nonprofit charitable, fraternal, cultural or religious corporations or associations, that has in service eight or more workmen or operatives regularly in the same business, * * *.

"Domestic servants, farmers and farm labor are not included under the provisions of this act, but this exemption does not apply to the processing of agricultural products when carried on commercially.

"Employers exempted by this section may come within the act by insuring, posting notice on their premises, and notifying the Workmen's Compensation Commission that they have accepted the provisions of the law."

Section 4 of the same act provides, in part, as follows: "Every employer to whom this act applies shall be liable for and shall secure the payment to his employees of the compensation payable under its provisions." This paragraph refers to employers as defined in Section 3 as those that have in service eight or more workmen, or those who elect to come within the provisions of the compensation act.

Mills elected to come under the act and procured a policy of insurance from appellant insurance carrier, which was in full force and effect at the time of the accident here involved. The question presented here is the construction of paragraph 3, Section 4 of the Compensation Act, Chapter 354, Laws of 1948, quoted above.

The evidence shows without dispute that Jones carried no insurance for the protection of his employees. We are of the opinion that Barrett, an employee of Jones, the subcontractor of Mills, the principal or general contractor, comes within the provisions of the above quoted paragraph of the compensation law. The language is plain, clear, and unambiguous, and has the effect of making the employees of a subcontractor, where the subcontractor does not carry insurance for the protection of his employees, the employees of the principal or general contractor within the meaning of the compensation act. It is obvious that the purpose of the legislature was to

prevent the general contractor from escaping liability by employing subcontractors who were not financially responsible and leaving the employees unprotected. The purpose of this provision is stated in 58 Am. Jur., Workmen's Compensation, Sec. 139, pp. 672-673: ''It is generally held that, for the purposes of workmen's compensation, an employee of a contractor or subcontractor is not to be considered an employee of the principal employer or contractor, in the absence of any provision to that effect. Many of the compensation statutes, however, contain provisions imposing a liability on the principal employer or contractor, under specified circumstances, for an injury to an employee or contractor, under specified circumstances, for an injury to an employee of a contractor or subcontractor working for him. Obviously, their purpose is to protect the employees of subcontractors who are not financially responsible, and to prevent employers from relieving themselves of liability by doing through independent contractors what they would otherwise do through direct employees. They have been sustained as against objections on constitutional grounds.''

The Court, in the case of Wilson v. Yazoo & M. V. R. Co., 192 Miss. 424, 6 So. (2d) 313, 314, with reference to a statute which was plain and unambiguous said: ''No principle is more firmly established, or rests on more secure foundations, than the rule which declares ██ ██ when a law is plain and unambiguous, whether it be expressed in general or limited terms, that the Legislature shall be deemed to have intended to mean what they have plainly expressed, and, consequently, no room is left for construction in the application of such a law. ██ ██ The intention and purpose of the Legislature is to be deduced from the whole and every part of the statute taken together—from the words and context—and such a construction adopted as will best effectuate the intention of the law-giver. Koch v. Bridges, 45 Miss. 247, 257, 258, 259, 261; Roseberry v. Norsworthy, 135 Miss. 845, 100

So. 514, 516; Dresser v. Hathorn, 144 Miss. 24, 109 So. 23, 29; Johnston v. Reeves & Co., 112 Miss. 227, 72 So. 925, 927; Henderson v. Blair, 102 Miss. 640, 59 So. 856; Universal Life Ins. Co. v. Catchings, 169 Miss. 26, 152 So. 817, 819; Virden v. State Tax Commission, 180 Miss. 467, 177 So. 784, 785; Alexander v. Graves, 178 Miss. 583, 173 So. 417, 419; and Mississippi Cottonseed Products Co. v. Stone, 184 Miss. 409, 184 So. 428, 431.''

 ██ The legislature in 1950 amended paragraph 3 of Section 4, by adding: ''In such cases the number of employees of the subcontractor and not the contractor shall be the factor determining liability.'' Laws 1950, c. 412, Section 3. This law went into effect April 6, 1950. The appellant argues that paragraph 3 of Section 4 of the original act should be interpreted in the light of the amendment as the amendment was passed to clarify any ambiguity in the act, although it is conceded by appellant that none existed. We do not agree with this reasoning. Rather do we think that the legislature in passing this amendment strengthens our position as it would have been a vain thing indeed to amend that which was already unambiguous and needed no amending. The accident occurred March 31, 1950, and is governed by the 1948 act. The insurance contract issued by the insurance carrier to Mills expressly covers the employees of a subcontractor: ''Unless this Employer, if a contractor, maintains satisfactory evidence from or on behalf of each subcontractor who undertakes for this Employer any part of the business operations covered by the Policy under the conditions set forth in Section 4 of this Act, that valid and collectible insurance or security has been maintained, in accordance with the provisions of this Act, by such subcontractor, the remuneration of all employees of any such subcontractor, or if this employer does not furnish record of such remuneration, the entire contract price of such subcontracted work shall be included in the return of remuneration upon which premium is computed, and

such remuneration or contract price shall in all respects be governed by the same terms, conditions and requirements of the Policy as the remuneration of the direct employees of this Employer.''

The finding of the commission that Barrett's injuries were caused by an accident arising out of and in the course of his employment is amply sustained by substantial evidence and the judgment is affirmed.

Affirmed.

**Roberds, Alexander, Hall** and **Holmes, JJ.**, concur.