## Havens *v*. Natchez Times Publishing Company, Inc., et al.

No. 41350 February 8, 1960 117 So. 2d 706

*John E. Mulhearn,* Natchez, for appellant.

*Laub, Adams, Forman & Truly,* Natchez, for appellees.

McGehee, C. J.

This is a workmen's compensation case wherein the attorney referee, the full commission and the circuit court denied to the claimant, Mrs. Marvel Havens, the benefits of the workmen's compensation law under Sec. 6998-02, sub-section 4, Code of 1942, as amended on April 6, 1956 by Chapter 344, Laws of 1956.

The claimant, on November 26, 1954, entered into two written contracts with the appellee, the Natchez Times Publishing Company, Inc., in one of which the relationship between herself and the appellee was defined as being that of vendor and vendee and in the other that of an independent contractor relationship. The work in which the claimant was engaged was that of delivering newspapers for the appellee on a motor carrier newspaper route No. 11 in the western part of Franklin County. After she had delivered several newspapers to subscribers on July 31, 1955, she was injured on the highway in a collision with the car of another motorist. As a result of the collision, her left leg was broken in one place and her left arm in two places. It was necessary that she be hospitalized and that she be under the treatment of a physician for several months. She was, of course, rendered unable to continue the work as a motor carrier of newspapers. In fact, the circulation manager of the appellee newspaper publishing company learned of the accident on Tuesday or Wednesday after it occurred, and replaced her on the route by a former carrier of newspapers in the territory.

Neither the circulation manager nor any of those in authority with the newspaper publishing company were advised at that time, and in fact not until the claim was filed in March 1957, as to the facts and circumstances in connection with the accident. The circulation manager admitted that he was informed at that time that the claimant had had an accident, and he, of course, knew that she had to be replaced as a carrier on the route as a result thereof. It will be noted that the claim was

filed prior to the expiration of the two-year statute of limitation on compensation benefits.

On June 13, 1955, this Court had rendered the decision in the case of Laurel Daily Leader, Inc. and United States Fidelity and Guaranty Co. v. Barney Leon James, reported in 224 Miss. 654, 80 So. 2d 770, holding that James was an employee of the Laurel Daily Leader, Inc. and not an independent contractor. Those of us who dissented from the decision in that case are bound by what was held in the majority opinion rendered therein.

 Since the claimant in the instant case sustained her injury in the course of her work and arising out of the same on July 31, 1955, prior to the amendment of the statute on April 6, 1956, we think that her claim is controlled by the definition of an employee as made under Sec. 6998-02, Code of 1942, and as construed in the case of Laurel Daily Leader, Inc. v. James, supra, that an employee was: "Any person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, written or oral, express or implied."

The amendment of April 6, 1956 (Chap. 344) added to the foregoing definition of an employee the following: " * * *, provided that there shall be excluded therefrom all independent contractors, and especially any individual performing service in, and at the time of, the sale of newspapers or magazines to ultimate consumers, under an arrangement under which the newspapers or magazines are to be sold by the individual at a fixed price, the individual's compensation being based on the retention of the excess of such price over the amount at which the newspapers or magazines are charged to the individual, whether or not the individual is guaranteed a minimum amount of compensation for such service, or is entitled to be credited with the unsold newspapers or magazines returned."

 One of the written contracts hereinbefore mentioned, as entered into by the claimant and the appellee

on November 26, 1954, required of the claimant, among other things, that she "Agrees to maintain and add to the present list of subscribers, if possible, and to make a thorough canvass for additional subscribers on said route at least once every seven days." Another provision was in the following words: "All deliveries shall be made as quickly as possible after the purchaser is able to obtain said papers." The proof disclosed that the papers came off the press about two o'clock P. M. The claimant testified that she was required to deliver the papers on her route "before bedtime." Also, "the purchaser agrees to sell the Natchez Times at retail for five cents per single copy and to deliver said papers to subscribers at the regular established rate, to be fixed by the seller." The contract further provided for a monthly rate of $1.50 and for the termination of the contract by the claimant "upon thirty days written notice to the seller, but in such event, the purchaser (referring to the claimant) shall do his utmost to secure some acceptable party to act as his successor and to fully inform his successor with reference to the location of said subscribers, and any information necessary in the handling of said route. The seller (referring to the news paper publishing company) reserves the right to cancel this contract whenever the purchaser fails to perform the agreements herein contained to the satisfaction of the seller." The other written contract entered into on the said 26th day of November, 1954, required of the claimant the "exercise of his best efforts to promote and establish circulation of such newspapers within such territory."

Without undertaking to detail the various provisions of these two contracts, we think it is sufficient to say that we have reached the conclusion that the relationship between the claimant and the Natchez Times Publishing Company was in all essential particulars the same as the relationship that existed between the James boy

and the Laurel Daily Leader, Inc. It is true that the claimant in the instant case was an adult, and that the James boy was a minor, and that there were written contracts in the instant case whereas the contract in the *James* case was an oral one, but the fact remains that under the definition of an employee under Sec. 6998-02, Code of 1942, it was immaterial whether the person was a minor or adult and as to whether the contract was written or oral, express or implied.

 But it is contended that the appellee did not actually exercise all of the rights conferred upon it in the written contracts in the instant case. However, the test of whether or not a person is an employee is not always whether or not the alleged employer actually controls the alleged employee, but whether he has the right to control. As stated in C. J. S., Vol. 36, Sec. 3(3), p. 49: ''The right to control the mode of doing the work is the principal consideration in determining whether one employed is a servant or an independent contractor.''

(Hn 5) But it is argued by the appellee that if Mrs. Havens had any cause of action under the workmen's compensation act as it existed at the time of her injuries, such cause of action no longer existed after the amendment of April 6, 1956. But she was injured on July 31, 1955, and we are of the opinion that her right to compensation benefits had accrued prior to the amendment of the statute in 1956; that the amendment was not intended to be retroactive; that in that regard the case of Mills v. Barrett, 213 Miss. 171, 56 So. 2d 485, is controlling here, and in which case the Court held that an injury sustained on March 31, 1950, prior to the amendment of the workmen's compensation act on April 6, 1950, was covered by the workmen's compensation act of 1948.

In support of the contention of the appellee mentioned in the foregoing paragraph, there are cited the cases of

Deposit Guaranty Bank and Trust Co. v. Williams, 193 Miss. 432, 9 So. 2d 638; Stone v. McKay Plumbing Co., et al, 200 Miss. 792, 26 So. 2d 349; Stone v. Independent Linen Service Co., 212 Miss. 580, 55 So. 2d 165, and Oliphant v. Carthage Bank, 224 Miss. 386, 80 So. 2d 63.

However, in view of the fact that the case of Mills v. Barrett, supra, involved a construction of the workmen's compensation law, as contrasted from the decisions hereinbefore last mentioned, and in view of the fact that we are expressly required by statute to give a liberal construction to the provisions of the workmen's compensation act, we have concluded that the injuries sustained by the claimant in the instant case are governed by the statute in existence at the time of the decision of the case of Laurel Daily Leader, Inc. v. James and not by the amendment of the act involved in the James case, as the same was amended by Chap. 344, Laws of 1956.

 The appellee makes the further point that the claimant gave no notice of her injuries and that the appellee had no actual notice that the claimant had received an injury in the course of and arising out of her employment. But under Secs. 6998-18, Code of 1942, it is stated: "Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice, * * *." The circulation manager who supervised the work of the claimant admitted that he learned that she had sustained an injury, and that he had learned of such fact on Tuesday or Wednesday following the accident. It is true that it was not shown that the circulation manager or others in authority with the Natchez Times Publishing Company had actual notice of the facts and circumstances in connection with the accident until she filed her claim in March of 1957, which was prior to the expiration of the two-year statute of limitation. We are, therefore, of the opinion that this point is not well-

taken. No prejudice was claimed or shown on account of delay in giving the required notice.

The case must, therefore, be reversed and judgment rendered here on liability in favor of the appellant and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed, judgment here for appellant on liability and remanded.

*Lee, Kyle, Holmes* and *Arrington, JJ.,* concur.