PARKER *v.* UNITED GAS CORPORATION, et al.

No. 41734 March 6, 1961 127 So. 2d 438

*Bobby J. Garraway,* Lumberton; *Williams & Williams,* Poplarville, for appellant.

*Watkins & Eager,* Jackson, for appellees.

McGehee, C. J.

The appellant, Alphonse Parker, sued the United Gas Corporation and the Fidelity and Casualty Company of New York, as its insurance carrier, on a workmen's compensation claim seeking to recover benefits for a ruptured disc alleged to have resulted from an accidental injury in the course of his employment on or about February 1, 1956. The principal question involved on this appeal is whether or not there was sufficient proof of any incident or accident sustained by the appellant on the job while working for the appellee, United Gas Corporation.

The attorney referee found as a fact that the claimant suffered an accidental injury "on or about February 1, 1956", but found that no notice of such injury was given to the employer and carrier, and that no request was made for medical or disability benefits until October 3, 1957, approximately eighteen months after the alleged injury was supposed to have been sustained.

On appeal to the full Commission, the award made by the attorney referee was reversed and the complainant was denied any compensation benefits whatsoever.

The Commission, by a two to one majority vote found that there was no credible testimony in support of the claim that any pain suffered by the claimant was caused by his employment. The finding of the Commission recited, among other things, that: "It is evident from a casual reading of the record that the complainant admitted on several occasions that no accident or incident had ever occurred on the job which could have caused or aggravated or precipitated his condition. The claimant freely admitted that he had a prior injury and witnesses testified that his complaints were in reference to such old injury and that at no time did he ever com-

plain of any instance which aggravated his old condition."

The Commission further found that no notice of any injury or accident to the employee was given to the employer or its insurance carrier for a period of eighteen months, even though the employer had specifically asked the claimant if his disability was caused by his employment, and the employee denied that his injury was work-connected.

The Commission further found "that no statement was given by any doctor who examined the claimant which would indicate that the claimants thought his disability to be job-connected." Moreover, we find from a careful reading of this entire record that according to the testimony of the two physicians, the claimant made no statement to either of them at any time that would indicate that the claimant thought his disability to be job-connected.

Again, while not constituting a bar to recovery, the claimant applied for insurance benefits under a Metropolitan Life Insurance policy which provided payment for disability only in case the insured was not covered as to the particular injury by compensation under the Workmen's Compensation Law. This insurance was issued at the instance of the claimant, and in applying for the insurance of $112.50 a month paid him under the Metropolitan Life Insurance policy he represented that his disability was not work-connected and accepted insurance benefits under this policy for a long period of time, even to the date of the original hearing in this cause. This fact together with another instance of his collecting benefits for an injury which was not work-connected, were circumstances for the consideration of the Commission in determining whether or not the employee had really suffered an incident or accident on or about February 1, 1956.

It is true that we have held in a number of cases that this Court is not bound by the decision of the Workmen's Compensation Commission by the mere fact that the testimony before the Commission is conflicting, there were other factors which distinguishes those cases from the case at bar. We adhere to the rule announced in the case of Malley v. Over-the-Top, 229 Miss. 347, 90 So. 2d 678, wherein the Court said: "* * * The Commission itself is the trier of facts, and any question of fact decided by it is conclusive on appeal if it is supported by substantial evidence." Some of the many cases applying this principle where an award had been denied by the Commission include: Sullivan v. C. & S. Poultry Co., 234 Miss. 126, 105 So. 2d 558; Druey v. Ingalls Shipbuilding Corp., 237 Miss. 277, 114 So. 2d 772; Franks v. Goyer Co., 234 Miss. 833, 108 So. 2d 217; Welborn v. Joe N. Miles & Son Lbr. Co., 231 Miss. 827, 97 So. 2d 734. To the same effect, that is to say where we reversed the decision of the Commission, are the cases of Havens v. Natchez Times, 238 Miss. 121, 117 So. 2d 706; Central Electric Power Association v. Hicks, 236 Miss. 378, 110 So. 2d 351; Poole v. Learned & Son, 234 Miss. 362, 103 So. 2d 396. But see Products Inc. v. Skipworth, 238 Miss. 312, 118 So. 2d 345; Allen v. Westinghouse Electric Co., 118 So. 2d 869; Fair Stores v. Bryant, 238 Miss. 434, 118 So. 2d 295; Tanner v. American Hardware, 238 Miss. 612, 119 So. 2d 380; Capital Broadcasting Co. v. F. E. Wilkerson, No. 41,673, not yet reported, and Lloyd Ford Co. v. Tommy J. Price, No. 41,681, not yet reported.

 It is argued that there was substantial evidence to support the decision of the attorney referee in the case at bar but under the rule stated in Malley v. Over-the-Top, supra, we are concerned here primarily with the correctness of the decision of the Commission and

we are of the opinion that it is supported by substantial evidence and should be affirmed.

Affirmed.

*Arrington, Ethridge, McElroy* and *Rodgers, JJ.,* concur.