KING, J.,
for the Court:
¶ 1. On January 18, 1994, John Bryant suffered an injury while in the course and scope of his employment at Winston R. Bailey (Winston Bailey). Winston Bailey admitted compensability of the injury for the period January 20, 1994 through June 23, 1994 and paid temporary total disability benefits for those months. On December 13, 1994, Mr. Bryant filed a petition to controvert with the Workers’ Compensation Commission.
¶ 2. On August 2, 1996, a hearing was held before an administrative law judge. The administrative law judge determined that (1) Bryant’s period of temporary total disability extended from January 18, 1994, the actual date of injury, through July 6, 1995, the date he had been last seen by a neurologist, and (2) maximum medical improvement (MMI) had not been reached. The administrative law judge determined that the period of temporary partial disability extended from July 6, 1995 until further order of the Commission. All parties appealed the administrative law judge’s determination to the Workers’ Compensation Full Commission.
¶ 3. The Commission amended the administrative law judge’s determination, finding that Mr. Bryant reached MMI on June 29, 1995. Temporary total disability benefits were awarded from January 18, 1994 through June 29, 1995. The Commission reversed the administrative law judge’s determination regarding temporary partial disability, finding that Mr. Bryant was permanently and partially disabled beginning June 30, 1995 and that he suffered a loss of wage earning capacity in the amount of $285 per week.
¶ 4. Winston Bailey and National American Insurance Company (NAIC) appealed to the circuit court. The circuit court affirmed. They have now appealed to this Court and assigned three points of error:
I. WHETHER THE CIRCUIT COURT ERRED IN ENTERING ITS ORDER AFFIRMING THE DECISION OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION BEFORE THE EXPIRATION OF THE FORTY (40) DAY PERIOD ALLOWED UNDER M.R.A.P. 31(b) AND PRIOR TO RECEIPT OF APPELLANTS’ BRIEF.
II. WHETHER THE CIRCUIT COURT AND THE MISSISSIPPI *303 WORKERS’ COMPENSATION COMMISSION ERRED IN FAILING TO CONSIDER AND APPLY THE PRESUMPTION THAT A CLAIMANT’S POST INJURY WAGES ARE DETERMINATIVE OF HIS WAGE EARNING CAPACITY.
III. WHETHER THE ORDER OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS SUPPORTED BY SUBSTANTIAL EVIDENCE WHERE THE OVERWHELMING WEIGHT OF THE CREDIBLE EVIDENCE SHOWS THAT THE CLAIMANT IS CAPABLE OF AND HAS IN FACT EARNED WAGES FAR IN EXCESS OF MINIMUM WAGE FOLLOWING HIS INJURY AND WHERE THE EXTENT OF DISABILITY IS NOT SUPPORTED BY SUFFICIENT MEDICAL FINDINGS.
¶5. Finding only harmless error, this Court affirms the circuit court judgment.
FACTS
¶ 6. Mr. Bryant was employed as a truck driver by Winston Bailey. On January 18, 1994, while closing the top of a tanker, he slipped on a ladder and fell thirteen feet to a concrete surface. He injured' his lower back.
¶ 7. After the injury Mr. Bryant was examined by Dr. Mack Ballard, a chiropractor. Dr. Ballard treated him for a couple of months and then referred him to Dr. Rodney Olinger, a neurosurgeon.
¶ 8. On February 7, 1994, Dr. Olinger performed a physical examination of Mr. Bryant. This examination revealed that he had some tenderness over the lower spinous processes in his low back and sacroiliac joints. Mr. Bryant had tight lumbar muscles and a mild loss of the normal curve in his low back. Not able to find any definite neurological deficits such as motor, sensory, or reflex, Dr. Olinger felt Mr. Bryant suffered primarily from lumbar strain.
¶ 9. Dr. Olinger scheduled Mr. Bryant for a magnetic resonance imaging (MRI) test. This test revealed that there was some signal loss at the L-3/L-4 disc and slight posterior bulging.
¶ 10. Dr. Olinger’s final examination was conducted on June 12, 1995. At this point, it was his opinion that Mr. Bryant had received the maximum benefit from medical treatment. He indicated that surgery was not required and that Mr. Bryant’s pain may be persistent. Dr. Olinger assigned a permanent partial impairment rating of 7% to the body as a whole.
¶ 11. On April 13, 1994, Mr. Bryant was sent by NAIC to Dr. Edward Kaplan for a neurosurgical opinion. Mr. Bryant reported having insomnia, and recurrent sharp low back pain, particularly with physical activity. He experienced radiation of pain from his lower back into both lower extremities. Dr. Kaplan diagnosed lumbar strain.
¶ 12. Dr. Kaplan referred Mr. Bryant to Ergoplex, a physiotherapy center. He attended the center for four days, but did not return due to increased back pain. It was the center’s opinion that Mr. Bryant would improve if he adhered to instructions to exercise. The center noted that Mr. Bryant appeared to be “unwilling to take responsibility to sacrifice in order to improve his back and decrease his risk of repeated stress.”
¶ 13. On his second visit to Dr. Kaplan on June 22, 1994, Mr. Bryant stated that his low back pain was better when inactive. This exam was normal except that Mr. Bryant reported right lumbar tenderness. He had some mild limitation of lumbar flexion and extension. Dr. Kaplan estimated that the permanent partial impairment was zero to one percent of the body as a whole. It was his opinion that Mr. Bryant had achieved maximum medical improvement by this date and could return to work.
¶ 14. Dr. Robert Smith, a neurosurgeon employed by Winston Bailey, examined *304 Mr. Bryant on one occasion, July 6, 1995. He reviewed the records of the previous physicians and the MRI. The MRI suggested that there were some degenerative changes along with some bulging of the disc. It was Dr. Smith’s opinion that Mr. Bryant had an old disc problem at L3/L4. “That disc was weak. The supporting tissues around it were weak, and then he took a fall doing some axial loading and probably bulged it out further.” Thus, when Mr. Bryant “bends or lifts or stands in the vertical position that he puts some bulging on that disc and the nerve fibers that surround it causing this radiating pain sensation.” Dr. Smith did not observe anything that suggested that Mr. Bryant needed surgery. It was his opinion that it would take several years for the disc to heal completely, but Mr. Bryant could return to some type of employment.
¶ 15. On July 29, 1996, Dr. Randall Thomas, psychologist and rehabilitation counselor, completed a vocational assessment report on Mr. Bryant. It was Dr. Thomas’s opinion that because Mr. Bryant was illiterate and had complaints of pain, he was not employable. He stated that “his ability to work [was] directly related to his pain level. If his pain level were minimized and under control, then he could return to work within the physical restrictions that his physicians have assigned.” Dr. Thomas stated that there has been a loss of wage earning capacity because of the injury.
¶ 16. Glenn Fortenberry, a vocational rehabilitation consultant employed by Winston Bailey, prepared a labor market survey dated February 26, 1996, wherein he indicated that Mr. Bryant could work at Auto Zone, Wal-Mart, and several other stores.
¶ 17. After considering the evidence, the administrative law judge determined Mr. Bryant’s period of temporary total disability was from January 18, 1994, the actual date of injury, through July 6, 1995, and that temporary partial disability benefits extended from July 6, 1995, until further order of the Court. Both parties appealed to the Workers’ Compensation Full Commission and the administrative law judge’s decision was amended in part and reversed in part. Having appealed to the circuit court, Winston Bailey and NAIC now appeal to this Court.
ISSUES
I. WHETHER THE CIRCUIT COURT ERRED IN ENTERING ITS ORDER AFFIRMING THE DECISION OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION BEFORE THE EXPIRATION OF THE FORTY (40) DAY PERIOD ALLOWED UNDER M.R.A.P. 31(b) AND PRIOR TO RECEIPT OF APPELLANTS’ BRIEF?
¶ 18. Winston Bailey and NAIC appealed the decision to the Neshoba County Circuit Court. On June 10, 1997, the circuit court clerk filed the record in this matter. On July 17, 1997, thirty-seven days after the filing of the record, the order of the circuit court affirming the decision of the Mississippi Workers’ Compensation Commission was filed. On July 21, 1997, Winston Bailey and NAIC filed an appellant brief and therefore, contend that the circuit court improperly rendered its decision prior to the expiration of time allowed for submission of briefs.

Law

¶ 19. Rule 5.06 of the Uniform Circuit and County Court Rules prescribes that briefs filed in an appeal on the record to the circuit court must conform to the practice in the Supreme Court. This practice is delineated in Rule 31(b) of the Mississippi Rules of Appellate Procedure.
¶ 20. Rule 31(b) requires that the appellant shall serve and file the appellant’s brief within 40 days after the date on which the record is filed. The appellee shall serve and file the appellee’s brief within 30 days after service of the brief of the appellant.

*305
Analysis

¶ 21. In the instant case, it appears that the trial judge failed to read the appeal briefs of both the appellee and the appellants. This Court notes that it is preferable that trial judges consider briefs submitted by all parties. The brief is “for the assistance of the Court, and the lawyers should go to the fullest extent in their presentations in the brief.” Dozier v. State, 247 Miss. 850, 850, 157 So.2d 798, 799 (Miss.1963). The purpose of the brief is to “present to the Court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case, to assist the Court in arriving at a just and proper conclusion, and to notify opposing counsel of the questions to be presented and the authorities relied on in reference thereto.” Id.
¶ 22. Notwithstanding the importance of the brief, this Court notes that it is not evidence. The only evidence is that which is contained in the official record. It is upon this record, and only this record, which this Court is to render a decision.
¶23. The role of the appellate court in a workers’ compensation case is to review the record to determine whether substantial evidence supports the lower court’s decision. Because substantial evidence must be found in the record, rather than the argument of counsel, the court is not obligated to review the brief. Accordingly, this Court finds that the trial court’s failure to consider the appellants’ brief before rendering its decision was harmless error. While finding only harmless error in this action, we would suggest it is preferable that the court give appropriate consideration to the briefs.
II. WHETHER THE CIRCUIT COURT AND THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION ERRED IN FAILING TO CONSIDER AND APPLY THE PRESUMPTION THAT A CLAIMANT’S POST INJURY WAGES ARE DETERMINATIVE OF HIS WAGE EARNING CAPACITY.
¶ 24. Winston Bailey and NAIC contend that the Commission failed to indicate in its opinion that (1) a presumption of no loss of wage earning capacity arises where the claimant’s post-injury earnings equal or exceed his pre-injury wages and (2) whether this presumption had been rebutted by Mr. Bryant.

Law

¶ 25. Miss.Code Ann. § 71-3-17(c)(25) (Rev.1995) has been construed by the Mississippi Supreme Court to mean that post-injury earnings equal to or in excess of pre-injury earnings are strong evidence of non-impairment of earning capacity, but that the presumption arising therefrom may be rebutted by evidence on the part of the claimant that the post-injury earnings are unreliable due to the temporary and unpredictable character of post-injury earnings. General Electric v. McKinnon, 507 So.2d 363, 365 (Miss.1987).

Analysis

¶ 26. “When there are no specific findings of fact, this Court will assume that the trial court made determinations of fact sufficient to support its judgment.” Century 21 Deep South Prop., Ltd. v. Corson, 612 So.2d 359, 367 (Miss.1992). Although the Commission failed to specifically indicate in its analysis the existence of the presumption regarding no loss of wage earning capacity, this Court concludes that the Commission found that the presumption was established, but was overcome.
¶ 27. The presumption of no loss of wage earning capacity was established by Mr. Bryant’s post-injury income. He was employed as a truck driver for Lambert Marks from July 15, 1994 until February 10, 1995, and Macaroy Trucking from February 16, 1995 until March 29, 1995. Mr. Bryant quit Lambert Marks’s employ, and was fired from Macaroy Tank Lines. He testified that Lambert Marks was more tolerant of his back condition, allowing him *306 to work at his own pace, but Macaroy Trucking had stricter guidelines. Mr. Bryant testified that he continued to experience pain after working for both entities and did not resume any employment.
¶ 28. This Court concludes that the Commission gave appropriate consideration to Mr. Bryant’s resumption of work as a truck driver for two different employers, and his continued back pain which rendered truck driving difficult. The presumption of no loss of wage earning capacity was overcome by the unreliability of his post-injury earnings due to their temporary and unpredictable character. Mr. Bryant’s testimony indicated that, due to his pain, there was no guarantee as to how long he could maintain any trucking employment. Accordingly, this Court defers to the Commission’s finding that Mr. Bryant suffered a loss of wage earning capacity in the amount of $285 per week. This amount was achieved by using the pre-injury average weekly wage of $475 less Mr. Bryant’s current earning capacity of minimum wage, rather than trucking wages.
III. WHETHER THE ORDER OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS SUPPORTED BY SUBSTANTIAL EVIDENCE WHERE THE OVERWHELMING WEIGHT OF THE CREDIBLE EVIDENCE SHOWS THAT THE CLAIMANT IS CAPABLE OF AND HAS IN FACT EARNED WAGES FAR IN EXCESS OF MINIMUM WAGE FOLLOWING HIS INJURY AND WHERE THE ' EXTENT OF DISABILITY IS NOT SUPPORTED BY SUFFICIENT MEDICAL FINDINGS.
¶ 29. Winston Bailey and NAIC contend that Mr. Bryant’s post-injury wages derived from driving a truck are sufficient and consistent enough to demonstrate far less than a $285 per week loss. They argue that, at best, Mr. Bryant has shown only a $134.27 loss.[1]

Law

¶30. The Workers’ Compensation Commission is the trier of fact and any question of fact decided by it is conclusive on appeal if it is supported by substantial evidence. Parker v. United Gas Corp., 240 Miss. 351, 357, 127 So.2d 438, 440 (1961).

Analysis

¶ 31. The record reveals that Mr. Bryant could no longer earn the wages of a truck driver without aggravating his injury. This caused these wages to be unpredictable. The presumption of no loss of wage earning capacity had been overcome by the temporary and unpredictable character of Mr. Bryant’s trucking wages. These wages should not have been used when determining permanent partial disability.
¶ 32. The Commission found that Mr. Bryant was capable of performing some type of minimum wage employment. It therefore calculated his loss of wage earning capacity by using the average amount achieved for working forty hours per week multiplied by the minimum wage less his pre-injury wages, rather than average weekly trucking wages. This Court finds that substantial evidence supports the Commission’s calculations regarding permanent partial disability.
¶ 33. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY IS AFFIRMED WITH COSTS OF THIS APPEAL ASSESSED TO THE APPELLANTS.
BRIDGES, C.J., THOMAS, P.J., DIAZ, PAYNE, AND SOUTHWICK, JJ., CONCUR.
*307 McMILLIN, P.J., CONCURS WITH SEPARATE OPINION JOINED BY COLEMAN AND PAYNE, JJ.
IRVING AND LEE, JJ., NOT PARTICIPATING.

. Winston Bailey and NAIC contend that $134.27 was arrived at by subtracting the post-injury average weekly wage which was earned in 1994 ($8177.61/24 weeks=340.73) from the pre-injury weekly wage of $475.