KING, P.J.,
for the Court:
¶ 1. On October 28, 1993, Billy Free suffered a back injury while in the course and scope of his employment at Mississippi Materials Company, also known as the Dunn Investment Company (Dunn Investment) in Houston, Mississippi. Because Dunn Investment failed to pay permanent disability benefits, Mr. Free filed a petition to controvert with the Workers’ Compensation Commission on July 14,1994.
¶ 2. On July 23, 1996, a hearing was held before an administrative law judge. The administrative law judge determined that Mr. Free was entitled to recover penalties and interest on any installment of temporary disability untimely paid and that permanent disability benefits were not supported by the evidence. Mr. Free appealed this determination to the Workers’ Compensation Full Commission and the Chickasaw County Circuit Court. Both tribunals affirmed the administrative law judge’s decision. Mr. Free has now appealed to this Court and assigned two points of error. This Court quotes these errors verbatim:
I. THE DECISION OF THE LOWER COURT IS BASED ON ERRORS OF FACT.
II. THE DECISION OF THE LOWER COURT IS IN ERROR AND CONTRARY TO THE SUBSTANTIAL EVIDENCE IN DENYING APPELLANT PERMANENT DISABILITY BENEFITS.
¶ 3. Finding no error, we affirm the circuit court judgment.
FACTS
¶ 4. Mr. Free was employed as a cement truck driver by Dunn Investment. He performed duties which included driving the cement truck, running the front-end loader and office tasks. On October 28, 1993, while in the course and scope of his employment, Mr. Free injured his back[1].
¶ 5. The record of this case includes the depositions, medical records, and letters of a general practitioner, two neurosurgeons, an occupational therapist and an occupational field specialist.
¶ 6. The record reveals that Mr. Free was first examined by his family physician, Dr. David Griffin, on November 2, 1993. Dr. Griffin examined him and determined that Mr. Free was experiencing exacerbation of chronic lumbosacral pain. He prescribed anti-inflammatories, muscle relaxants, and medication for pain.
¶ 7. Upon several visits to Dr. Griffin, Mr. Free expressed that he experienced continued back pain. At this point, Dr. Griffin diagnosed lumbosacral strain and referred him to Dr. Thomas McDonald, the neurosurgeon who had previously performed back surgery on Mr. Free. It was Dr. Griffin’s medical opinion that Mr. Free was totally and permanently disabled.
¶ 8. In December of 1993, Dr. McDonald examined Mr. Free and ordered a magnetic resonance imaging (MRI) test of his back. The MRI revealed some degeneration of the L5-S1 disk with a mild posteri- or bulge. Dr. McDonald recommended that Mr. Free begin some physical therapy, and remain off work.
¶ 9. Because Mr. Free continued to experience pain, Dr. McDonald recommended that a myelogram and CT scan be performed. The radiologist who performed the myelogram stated that the “lumbar myelogram demonstrated no evi *166 dence of blockage but significant asymmetry at L5-S1, which we have to assume is on the left side since the findings on the CT scan and the MRI scan so clearly demonstrate an abnormality on the left side at L5-S1.” Dr. McDonald agreed with the radiologist’s findings.
¶ 10. It was Dr. McDonald’s final opinion that Mr. Free’s “pain pattern and complaints were much beyond what he had been able to demonstrate or find out.” He determined that Mr. Free had reached maximum medical improvement on April 1, 1994, and suffered a ten percent temporary disability which could be connected to his previous surgery. Dr. McDonald released Mr. Free to return to work on February 9, 1994, with restrictions to perform lighter duties.
¶ 11. In April of 1994, Dr. Ben Buchanan, a neurosurgeon to whom Mr. Free had been referred by Dr. McDonald, examined the myelograms and the MRI. He indicated that the myelogram showed “a defect on the right at L5-S1 with widening of the axilla between the fifth and LI nerve root.” Dr. Buchanan assumed that this condition was from “prior surgical intervention and scar cicatrix.”
¶ 12. Dr. Buchanan did not recommend surgery. It was his opinion that Mr. Free had a ten percent medical impairment, “secondary to the prior surgery in 1981 and a subsequent aging and degeneration of the disc.” Dr. Buchanan recommended light to moderate duty work and explained to Mr. Free that he would have “chronic recurring low back and occasional buttocks discomfort.” He suggested that this could-be best handled by non-steroidal anti-inflammatory agents, proper rest, exercise and a positive attitude. It was Dr. Buchanan’s opinion that Mr. Free did not sustain total or permanent disability.
¶ 18. In October of 1995, Mr. Free was examined by Mr. David Brick, an occupational therapist. His musculoskeletal evaluation revealed the following:
Mr. Free does not voice any specific complaints. He does stand with slightly forward bend posture and he sits in a forward bend posture throughout the evaluation without any signs of distress from doing so. This would be contraindicated for a person with lumbar disc problems.
Mr. Brick’s final assessment and recommendations were as follows:
Mr. Free strictly appears to be a game player on this evaluation. He actually tests no greater than an invalid but this man appears to be in good overall shape from observations. All testing is strictly non-physiological and he show submaxi-mal efforts. The B200 Test strictly, objectively shows a non-physiological and submaximal test effort. This was continually reproduced throughout testing on lifting which was submaximal. He also shows a high score on the symptoms magnification profile and he scores 14 or 15 indicators which would show blatant symptom magnification.
Due to the amount of red flags, and strict symptom magnification/non-physiological testing, no restrictions are given. Projections would indicate this man has medium work range functioning if he were motivated to do so. He stated he has not worked since 1993 so all literature would state this man has no intentions of returning to employment.
¶ 14. Mr. Morris Selby, an occupational field specialist employed by Dunn Investment, performed two job searches to establish positions available to Mr. Free. He indicated by letter that Mr. Free could work as a sales attendant or representative, cashier, small products assembler, route salesperson, concrete mixing truck driver, dump truck driver, hospital food service worker, and a fast food worker. Mr. Brick agreed that these jobs were within Mr. Free’s medical restrictions.
¶ 15. After considering the evidence, the administrative law judge determined that Mr. Free had not suffered any permanent disability. Aggrieved, Mr. Free appealed *167 to the Workers’ Compensation Commission and the Chickasaw County Circuit Court. The Commission and circuit court affirmed. Mr. Free has now appealed to this Court.

STANDARD OF REVIEW

¶ 16. The Workers’ Compensation Commission is the trier of fact and any question of fact decided by it is conclusive on appeal if it is supported by substantial evidence. Parker v. United Gas Corp., 240 Miss. 351, 357, 127 So.2d 438, 440 (1961).

DISCUSSION

¶ 17. The administrative law judge determined that Mr. Free was not entitled to permanent disability benefits. Mr. Free contends that the Commission failed by considering only the testimony of Dr. McDonald, and therefore substantial evidence does not support its determination. •

Law

¶ 18. “Disability means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings.” Miss.Code Ann. § 71-3-3 (Rev.1995).
¶ 19. “The burden of proof rests upon the claimant to establish by competent evidence all the elements of his claim together with the extent and degree of his claimed disability.” C.L. Harris v. Chicago Mill & Dumber Co., 441 So.2d 557, 558 (Miss.1983).

Analysis

¶ 20. The relevant question before this Court is not whether there was sufficient evidence to support Mr. Free’s claim, but whether substantial evidence existed to support the decision of the Commission. In the resolution of that question, this Court cannot substitute its determination of fact for that of the .Commission. The Commission is the trier of fact. This Court exceeds its jurisdiction when it invades the .province of the Commission and decides, which witnesses the Commission should or should not believe. Hamilton Mfg. Co. v. Kern, 242 So.2d 441, 444 (Miss.1970).
¶ 21. A review of the record reveals that Mr. Free’s general practitioner rendered a favorable opinion regarding permanent disability. However, it was the opinion of two neurosurgeons and an occupational therapist that although Mr. Free had symptoms of pain, he was not rendered incapable of performing some type of employment.
¶ 22. Mr. Free had been offered employment at his. previous job 'and failed to pursue it. He thereafter failed to make any reasonable job search. Considering this evidence as well as the medical testimony, this Court finds that substantial evidence existed from which the Commission could find that permanent disability benefits were not justified.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY IS AFFIRMED WITH COSTS OF THIS APPEAL ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.

. At the hearing before the administrative law judge, the parties stipulated that Mr. Free suffered a compensable injury.