# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-00397-SCT

*BUILDERS AND CONTRACTORS ASSOCIATION
OF MISSISSIPPI, HOME BUILDERS
ASSOCIATION OF MISSISSIPPI, AMFED
CASUALTY INSURANCE COMPANY AND
AMFED COMPANIES, LLC*

*v.*

*LASER LINE CONSTRUCTION COMPANY, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/2016 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | STEVE C. THORNTON |
| | H. WESLEY WILLIAMS, III |
| | MITCHELL HARRY TYNER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | H. WESLEY WILLIAMS, III |
| ATTORNEYS FOR APPELLEE: | MITCHELL HARRY TYNER |
| | STEVE C. THORNTON |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND REMANDED - 06/29/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Laser Line Construction Company, LLC, ("Laser Line") purchased statutory workers' compensation insurance coverage from the Builders and Contractors Association of Mississippi ("BCAM") Self Insurers' Fund. Because Laser Line was a general contractor, BCAM sought premium payments for all employees of Laser Line's subcontractors who did not independently secure workers' compensation coverage. Laser Line refused to pay

premiums for employees of subcontractors who had fewer than five employees and claimed they were thus exempt from the coverage requirement. BCAM canceled Laser Line's coverage for nonpayment. Laser Line filed suit for damages and a declaratory judgment. The defendants answered, and BCAM separately filed a counterclaim. The parties filed competing summary judgment motions. The trial court granted Laser Line a partial summary judgment on the statutory interpretation issue. BCAM sought and was granted permission to file this interlocutory appeal.

## **FACTS AND PROCEDURAL HISTORY**[1]

¶2.    Laser Line purchased statutory workers' compensation coverage from BCAM for three consecutive one-year periods—July 27, 2009, to July 27, 2012. According to the coverage agreement, the initial premium was an estimate based on Laser Line's expected

---

[1]The facts of this case, as to the issue before us, generally are not in dispute.

remuneration[2] during the policy period, with the final premium being calculated after the end of the policy period by an audit looking back at Laser Line's actual payments or contracts.

¶3.    On September 1, 2011, AmFed[3] audited Laser Line's records of actual payments for the July 27, 2010–July 27, 2011, coverage period. In that audit, Laser Line provided the auditor with records showing amounts Laser Line had paid subcontractors during the policy period and also provided certificates from each subcontractor certifying that it was exempt under the Workers' Compensation Act.

¶4.    In response to the audit, BCAM assessed Laser Line an additional premium charge of $12,006 for the coverage period, relying on the amounts Laser Line had paid to the putatively exempt subcontractors. BCAM demanded that Laser Line purchase coverage for

---

[2]Regarding "remuneration," the Coverage Agreement provided:

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the period of this Agreement for the services of:

1)    All of your officers and employees engaged in work covered by this Agreement; and

2)    All other persons engaged in work that could make us liable under Section 1 (Statutory Workers' Compensation Coverage—Part A) of this Agreement. If you do not have payroll records for these persons the contract price for their services and materials may be used as the premium basis. This paragraph (2) will not apply if you give us proof that the employers of these persons lawfully secured their workers' compensation obligations.

[3]AmFed Companies, LLC, ("AmFed") provides claims services, underwriting services, and billing and collection services to BCAM.

all its exempt subcontractors unless those subcontractors independently had secured workers' compensation coverage. Laser Line refused to pay the additional premium. In response, BCAM canceled Laser Line's coverage for the period then in effect (July 27, 2011–July 27, 2012). Laser Line then filed suit for breach of contract (including breach of the covenant of good faith and fair dealing), a declaratory judgment, and defamation. BCAM filed a counterclaim for damages.

¶5.     The parties filed competing motions for summary judgment. The trial court partially granted Laser Line's motion and denied BCAM's motion: "Because every one of Laser Line's subcontractors was certified to be exempt under [the Act], Defendants had no contractual basis to demand additional premium[s] for Laser Line's exempt subcontractors or to cancel Laser Line's Coverage Agreement." BCAM sought and was granted permission to file this interlocutory appeal.

## ISSUE

¶6.     The sole issue on appeal is whether Mississippi Code Section 71-3-7 requires general contractors to secure workers' compensation coverage for employees of its subcontractors who are exempt from the Workers' Compensation Act.

## STANDARD OF REVIEW

¶7.     "The standard of review for summary judgment motions is de novo." *United States Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 962 (Miss. 2008).

## ANALYSIS

4

¶8.      This is not the first time this Court has been called upon to interpret Section 71-3-7. When the Mississippi Workers' Compensation Act was first passed in 1948, the relevant statute read, "In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment." Miss. Laws 1948, ch. 354, § 4. Employers who employed fewer than eight employees were exempt from the Act. Miss. Laws 1948, ch. 354, § 3. This Court was asked to interpret and apply these sections in *Mills v. Barrett*, 56 So. 2d 485 (Miss. 1952). Barrett, an employee of Jones (the subcontractor), was injured during the course and scope of his employment. *Id.* at 485-86. Barrett filed a claim for compensation against Mills (the contractor). *Id.* Jones was exempt from the Act because he employed fewer than eight employees. *Id.* at 486. Mills argued that, because Jones was exempt, it too was exempt. *Id.* This Court disagreed:

> We are of the opinion that Barrett, an employee of Jones, the subcontractor of Mills, the principal or general contractor, comes within the provisions of the [Act]. The language is plain, clear, and unambiguous, and has the effect of making the employees of a subcontractor, where the subcontractor does not carry insurance for the protection of his employees, the employees of the principal or general contractor within the meaning of the compensation act. It is obvious that the purpose of the legislature was to prevent the general contractor from escaping liability by employing subcontractors who were not financially responsible and leaving employees unprotected.

*Id.* at 486-87.

¶9.      The *Mills* Court noted that the Legislature had amended the law in 1950 by adding: "In such cases the number of employees of the subcontractor and not the contractor shall be

the factor determining liability." ***Id.*** at 487 (quoting Miss. Laws 1950, ch. 412, § 3).[4] Mills argued that the amendment "was passed to clarify any ambiguity in the act, although it is conceded by [Mills] that none existed." ***Id.*** This Court rejected that argument. *See **id.*** ("Rather do we think that the legislature in passing this amendment strengthens our position as it would have been a vain thing indeed to amend that which was already unambiguous and needed no amending.").

¶10.    This Court applied the 1950 amendment in ***Jackson v. Fly***, 60 So. 2d 782 (Miss. 1952). In December 1950, Fly, an employee of Beach (the subcontractor), was injured during the course and scope of his employment. ***Id.*** at 306. Fly filed a workers' compensation claim against Jackson (the contractor). ***Id.*** at 304. The Court noted that, pursuant to the amendment, Fly had to show that Beach employed eight or more employees. *See **id.*** at 305 ("It will be seen from [the 1950 amendment] that [e]very person that has in service eight or more workmen . . . subject to the exclusions therein named, is required to provide compensation for his employees. And, if he has eight or more such workmen and is a subcontractor and fails to secure the payment of such benefits, the primary contractor must do so.").

¶11.    The statute was amended again in 1958. The 1950 amendment was stricken, and the statute was returned to its original, 1948 form. *Compare* Miss. Laws 1958, ch. 454, § 1, *to* Miss. Laws 1948, ch. 354, § 4. The provision remains unchanged today. *See* Miss. Code Ann. § 71-3-7(6) (Rev. 2011) ("In the case of an employer who is a subcontractor, the contractor

---

[4]The 1950 amendment did not apply to Barrett because the amendment went into effect April 6, 1950, and Barrett's injury occurred on March 31, 1950. ***Id.*** at 487.

shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment.").[5]

¶12. As the statute was returned to—and remains in—its original, 1948 form, ***Mills*** controls. Here, Laser Line, a general contractor, chose to use subcontractors who employed fewer than five employees and who did not secure workers' compensation coverage. Consistent with the statute and this Court's interpretation and application of that statute, an employee of the subcontractor of the general contractor comes within the provisions of the Act. The language has the effect of making the employees of a subcontractor, where the subcontractor does not carry insurance for the protection of its employees, the employees of the general contractor within the meaning of the Workers' Compensation Act—thus requiring Laser Line to secure workers' compensation coverage for the employees of its uninsured subcontractors. *See **Mills***, 56 So. 2d at 486-87; Miss. Code Ann. § 71-3-7.

## CONCLUSION

¶13. Section 71-3-7 mandates that general contractors secure workers' compensation coverage for the employees of its uninsured subcontractors. Consistent with the unambiguous language of the statute and this Court's prior opinions, the number of employees of the subcontractor is not a factor in determining general-contractor liability under the Act. Thus, the trial judge's contrary ruling was in error.

---

[5]In 1972, the threshold number of employees that subjects an employer to the provisions of the Act was reduced from eight to five. *Compare* Miss. Laws 1972, ch. 522, § 1, *to* Miss. Laws 1970, ch. 455, § 1. Today, the threshold remains at five. *See* Miss. Code Ann. § 71-3-5.

¶14.   The Hinds County Circuit Court order granting Laser Line partial summary judgment and denying BCAM's motion for summary judgment is reversed. We remand this case to that court for further proceedings consistent with this opinion.

¶15.   **REVERSED AND REMANDED.**

**WALLER, C.J., KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. DICKINSON, P.J., AND CHAMBERLIN, J., NOT PARTICIPATING.**